UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-04215-HDV-E | Date | August 6, 2026 |
| Title | *Bryan Jose Cabrera-Salinas v. J. Johnson et al.* | | |

| | |
|---|---|
| Present: The Honorable | Hernán D. Vera, United States District Judge |

| | |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING PRELIMINARY INJUNCTION [3]**

Petitioner Bryan Jose Cabrera-Salinas, proceeding in pro per, filed a Petition for Writ of Habeas Corpus on July 27, 2026 ("Petition"). [Dkts. 1, 2]. On the same date, Petitioner filed an Emergency Application for Temporary Restraining Order and Preliminary Injunction ("Application") requesting that he be released from detention. [Dkts. 3, 4].

Petitioner is a citizen of Nicaragua and has lived in the United States since October 2022. Declaration of Bryan Jose Cabrera-Salinas ("Declaration") ¶ 2 [Dkt. 4]. Upon his entry to the U.S., DHS placed Petitioner in removal proceedings but released him into the community with conditions of supervision. *Id.* ¶¶ 2, 3. Since then, Petitioner has complied with all conditions of his release and attended all ICE check-ins, appointments, and hearings. *Id.* ¶ 6. He has no criminal history. *Id.* ¶ 5. Petitioner's asylum application is pending. *Id.* ¶ 3. He holds valid employment authorization from USCIS and a California driver's license. *Id.* ¶ 3. Petitioner lawfully worked as a restaurant manager before he was arrested by ICE. *Id.* ¶ 4.

On June 29, 2026, ICE detained Petitioner at his scheduled check-in, without notice, an explanation for his sudden arrest, or an opportunity to respond. *Id.* ¶ 7. As a result of his unlawful detention, Petitioner has lost his job as a restaurant manager. *Id.* ¶ 8.

On April 10, 2026, the Court granted the Application in part and enjoined Respondents from "transferring, relocating, or removing Petitioner outside of the Central District of California (including, but not limited to, transferring Petitioner to an ICE facility outside of the Central District or removing Petitioner from the United States) pending further order of the Court." [Dkt. 11]

Respondents filed a response on August 3, 2026, stating that they "are not presenting an opposition argument to the merits of Petitioner's detention at this time." [Dkt. 12] at 2. Respondents request "that judgment be entered, the matter closed, and no further filings or proceedings be required in this matter." *Id.*

The Court finds that Petitioner has shown (1) he is likely to succeed on the merits of his claim that his detention violates his due process rights, *see Mathews v. Eldridge*, 424 U.S. 319, 335 (1976); (2) numerous forms of irreparable harm; and (3) the balance of equities and public interest tip sharply in his favor. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The Court accordingly grants the Motion as follows:

- **Respondents are ordered to release Petitioner (A# 246-053-967) from custody forthwith**, with no additional conditions of supervision, including no additional bond conditions and no electronic monitoring.

- Respondents are enjoined and restrained from re-detaining Petitioner without immediately providing him with a pre-deprivation bond hearing. At any such hearing, consistent with Ninth Circuit precedent, the government will bear the burden of showing by clear and convincing evidence that Petitioner poses a flight risk or a danger to the public. *See Rodriguez Diaz v. Garland,* 53 F.4th 1189, 1200 (9th Cir. 2022).[1]

---

[1] See also, *Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024) ("At the outset of its decision, the BIA properly noted that the government bore the burden to establish by clear and convincing evidence that [the detainee] is a danger to the community."); *id.* at 786 (reiterating that "due process requires . . . the government to prove dangerousness or risk of flight by clear and convincing evidence") (citing *Singh v. Holder*, 638 F.3d 1196, 1200, 1205 (9th Cir. 2011), *abrogated on other grounds as recognized by Rodriguez Diaz*, 53 F.4th at 1202); *Al-Sadeai v. U.S. Immigr. & Customs Enf't*, 540 F. Supp. 3d 983, 990–91 (S.D. Cal. 2021) (discussing Ninth Circuit precedent establishing the government's burden and finding the IJ's placement of the burden of proof on detainee violated the Due Process Clause); *Balwan v. Bondi*, 2026 WL 497098, at *9 (W.D. Wash. Feb. 23, 2026) (surveying circuit caselaw and concluding that the government should bear the burden); *Vazquez v. Mattos*, 2026 WL 658896, at *2 (D. Nev. Mar. 9, 2026) (requiring the government to bear the burden) (citing *Singh* and *Martinez*);

- Respondents are ordered to file a report regarding the status of compliance with the Court's Order no later than three days from entry of this Order.

- Respondents are ordered to disseminate this Order to the immigration agents in charge of processing Petitioner, to place a copy of this Order in the Petitioner's A-File, and to provide Petitioner with a physical copy of this Order.

The Court will resolve the Petition and enter judgment by a separate order.

**IT IS SO ORDERED.**

---

*Lima v. Wofford*, 2025 WL 3535009, at *4 (E.D. Cal. Dec. 10, 2025) ("The statute is silent on the burden of proof required in a bond hearing under § 1226(a). However, the Ninth Circuit has squarely ruled that due process requires that the Government bear the burden at a § 1226(a) bond hearing of justifying detention by clear and convincing evidence.") (citing *Singh*, 638 F.3d at 1203-06); *Mendoza v. Noem, et al.*, 2026 WL 683180, at *8-*9 (E.D. Cal. Mar. 11, 2026) (analyzing Ninth Circuit cases to find that the holding in *Singh* placing the burden on the government should still be followed).